Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EMPIRE COMMUNITY DEVELOPMENT, LLC,
      Plaintiff,

                 VERIFIED COMPLAINT

   -against-

JHON CAMPOVERDE, MERS AS NOMINEE
FOR INDYMAC BANK, FSB,
      Defendant(s).
---------------------------------------------------------------X

  Plaintiff, Empire Community Development, LLC ("Empire" or "Plaintiff"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants Jhon Campoverde and MERS as nominee for Indymac Bank, FSB (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1.  This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 33-27 99th Street, Corona, NY 11368 known on the Queens County Tax Map as Block: 1714 Lot: 49 in the County of Queens and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Empire Community Development, LLC is a single member limited liability company, whose sole member is Reliant Holdings Group, LLC. Reliant Holdings Group, LLC has three members, Robert Paulus, David Van Horn and John Sweeney, each of whom is a citizen of the United States and resident of the State of Pennsylvania. For the purposes of diversity, Empire Community Development, LLC is a citizen of Pennsylvania.

3. Jhon Campoverde, upon information and belief, is a resident and citizen of the State of New York, having an address at 33-27 99th Street, Corona, NY 11368. Jhon Campoverde is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

4. MERS as nominee for Indymac Bank, FSB, upon information and belief, is a federally chartered savings bank, having an address at 1901 E. Voorhees St., Suite C, Danville, IL 61834. As such, it is a citizen of the State of Illinois. It is a necessary party defendant to this action because it held a prior Mortgage on the property, which Mortgage was not satisfied, in error and requires a court order to discharge it.

5. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

6. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

7. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

8. This action is brought to foreclose a mortgage made by Jhon Campoverde set out as follows: Mortgage dated September 26, 2006, made by Jhon Campoverde to Argent Mortgage Company, LLC to secure the sum of $160,000.00 and interest, recorded in CRFN: 2006000580763 in the Queens County Clerk's Office on October 17, 2006. Said lien covers premises known as 33-27 9th Street, Corona, NY 11368. A copy of the Mortgage is annexed as Exhibit "B".

9. On September 26, 2006, Jhon Campoverde executed and delivered a Note to Argent Mortgage Company, LLC in the amount of $160,000.00. The Note was transferred by the affixation of a proper endorsement to the Note. A copy of the Note with endorsement and Affidavit of Note Possession are annexed as Exhibit "C".

10. The Mortgage was assigned by Assignments of Mortgage as follows:

   **Assignor**: Argent Mortgage Company, LLC
   **Assignee**: Anson Street, LLC
   **Dated**: October 3, 2006, **Recorded**: January 23, 2008
   CRFN: 2008000030653

   **Assignor**: Anson Street, LLC
   **Assignee**: Empire Community Development, LLC
   **Dated**: April 17, 2019, **Recorded**: February 19, 2020

CRFN: 2020000064956

Copies of the Assignments of Mortgage are annexed hereto as Exhibit "D", respectively.

11. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

12. Plaintiff is in physical possession and is the owner and holder of said original Note and Mortgage.

13. Jhon Campoverde has failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage, by failing to make the Monthly Payments due on July 1, 2016, and the default continues to date.

14. Plaintiff has complied with the contractual provisions in the loan documents in that Default Notice to cure was issued on July 15, 2021, to Jhon Campoverde (the "Default Notice") advising of possible acceleration of the loan and that by virtue of his continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL §1304(1) was issued on July 15, 2021, to Jhon Campoverde (the "90 Day Notice"). Plaintiff has complied with the registration requirements of RPAPL §1306(1). Copies of the Default Notice and 90 Day Notice with proof of mailing and registration are annexed hereto as Exhibit "E".

15. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

16. Plaintiff is in compliance with Section Nine-X of the New York State banking law, if applicable.

17. As of the date herein, Jhon Campoverde has failed to respond to the Default Notice and 90 Day Notice.

18. Due to the above-described default, Defendant Jhon Campoverde is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of April 19, 2022, amounts to $269,045.92:

    b. Attorney's fees and other costs and disbursements, payable to Empire Community Development, LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

19. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e. Any right of tenants or person in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

20. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

21. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

22. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

## AS AND FOR A SECOND CAUSE OF ACTION

23. Plaintiff repeats and reiterates each and every allegation of the complaint in Paragraphs "1" through "22" with the same force and effect as if set forth herein.

24. This action is brought pursuant to Article 15 of the New York State Real Property Actions and Proceedings Law to bar Defendant MERS as nominee for Indymac Bank, FSB from any right title, or interest in and to the premises, 33-27 9th Street, Corona, NY 11368.

25. Plaintiff is the holder of the subject Note and Mortgage referenced herein.

26. Upon review of a foreclosure search it was determined that the following defendants have an interest or claim in the real property which cannot be extinguished in the foreclosure action: MERS as nominee for Indymac Bank, FSB.

27. MERS as nominee for Indymac Bank, FSB is named a party defendant by virtue of the fact that it holds a prior mortgage which is adverse to Plaintiff's interest and which remains open of record as follows: Consolidation, Extension and Modification Agreement, dated February 2, 2005 in the amount of $437,500.00, recorded on October 11, 2005 as CRFN 2005000563921 in the office of the Register of the City of New York for the County of Queens.

28. The senior mortgage for MERS as nominee for Indymac Bank, FSB, appears to be prior and adverse to the mortgage being foreclosed and is subject to be declared invalid and extinguished pursuant to Article 15 of the Real Property Actions and Proceedings Law.

29. Plaintiff hereby requests that the Judgment of Foreclosure and Sale state the following:

ORDER, ADJUDGED and DECREED that the prior mortgage which appears to be adverse to the mortgage being foreclosed, namely the prior mortgage of Defendant MERS as nominee for Indymac Bank, FSB is hereby declared invalid and extinguished pursuant to RPAPL Article 15; and it is further

ORDER, ADJUDGED and DECREED that Defendant MERS as nominee for Indymac Bank, FSB and all person or entities claiming by, through or under them, be and are hereby forever barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgage premises; and it is further

ORDER, ADJUDGED and DECREED that the record be reformed to reflect that the prior mortgages and of Defendant MERS as nominee for Indymac Bank, FSB invalid and extinguished.

**WHEREFORE**, on the first cause of action, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this

complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendant Jhon Campoverde may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

    On the second cause of action, that Defendant MERS as nominee for Indymac Bank, FSB's interest in the mortgaged premises, and all persons or entities claiming by, through or under them,

be declared invalid and extinguished, and MERS as nominee for Indymac Bank, FSB and all persons or entities claiming by through or under them, be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises and that the plaintiff be granted reformation of the record to reflect said prior mortgages and prior judgments being extinguished; and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable

Dated: July 11, 2022
      Syosset, New York

                      Yours, etc.
                      The Margolin & Weinreb
                      Law Group, LLP
                      Attorneys for Plaintiff


                      By: /s/ Alan H. Weinreb
                           Alan H. Weinreb, Esq.

## **VERIFICATION BY ATTORNEY**

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: July 11, 2022
       Syosset, New York

                                   /s/ Alan H. Weinreb
                                **ALAN H. WEINREB**