```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
EMPIRE COMMUNITY DEVELOPMENT      :
LLC,                              :
                                  :
                      Plaintiff,  :     REPORT AND RECOMMENDATION
                                  :     22 Civ. 4046 (RPK) (VMS)
         -against-                :
                                  :
JHON CAMPOVERDE, MERS AS NOMINEE  :
FOR INDYMAC BANK, FSB,            :
                                  :
                                  :
                      Defendants. :
-------------------------------------------------------- x
```

**Scanlon, Vera M., United States Magistrate Judge:**

Plaintiff Empire Community Development, LLC ("Empire" or "Plaintiff") commenced this foreclosure action against Defendant Jhon Campoverde ("Mr. Campoverde") and against defendant-lienholder MERS as nominee for Indymac Bank, FSB ("MERS") concerning a piece of real property encumbered by a mortgage assigned to Plaintiff. Before the Court is Plaintiff's motion for a default judgment. See ECF No. 19. The undersigned respectfully recommends that the Court deny the default motion without prejudice because 1) Plaintiff has failed to properly serve Mr. Campoverde; 2) Plaintiff has not complied with the Servicemembers Relief Act with respect to Mr. Campoverde; and 3) granting Plaintiff's request to extinguish the interest of MERS in the mortgaged property would be premature at this time.

**I.     Background**

The following facts are drawn from the docket and Plaintiff's complaint. See ECF No. 1.

On September 26, 2006, Mr. Campoverde executed and delivered a note (hereafter, "the Note") to Argent Mortgage Company, LLC in the amount of $160,000.00 plus interest. See id. ¶ 8. As security for payment of the Note, Mr. Campoverde executed a mortgage (hereafter, "the

1

Mortgage") encumbering real property located at 33-27 99th Street, Corona, New York 11368 (hereafter, "the Property"). See id.  The Mortgage was assigned to Anson Street LLC, which in turn assigned the mortgage to Plaintiff, a Pennsylvania corporation, on April 17, 2019. See id. ¶¶ 9-10.  Plaintiff is in physical possession and is the owner and holder of the original Note and Mortgage. See id. ¶ 12.  Defendant MERS is the holder of an individual lien encumbering the property, which is subject to and subordinate to Plaintiff's Mortgage, and "held a prior Mortgage on the property, which Mortgage was not satisfied, . . . and requires a court order to discharge it." See id. ¶¶ 4-5.

Beginning on July 1, 2016, Mr. Campoverde failed to comply with the terms of the Mortgage and instruments secured by the Mortgage by failing to make his scheduled payment. See id. ¶ 13.  He continued to fail to make his payments. See id.  As of April 19, 2022, the principal balance owed on the Note and Mortgage was $269,045.92, which includes "all accrued and unpaid interest and late charges." Id. ¶ 18.  Plaintiff states that it complied with the notice provisions of N.Y. R.P.A.P.L. §§ 1304[1] and 1306[2] by issuing a 90-day notice to Mr. Campoverde on July 15, 2021, then filing it with the superintendent of financial services.[3]  See

---

[1] "[W]ith regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." N.Y. R.P.A.P.L. § 1304(1).

[2] "Each lender, assignee or mortgage loan servicer shall file with the superintendent of financial services (superintendent) within three business days of the mailing of the [§ 1304] notice. . . the information required by subdivision two of this section." N.Y. R.P.A.P.L. § 1306(1).

[3] The Court notes that, in addition to the allegations in the complaint, Plaintiff has shown its compliance with N.Y. R.P.A.P.L. § 1304 by including "proof of the actual mailing[]" of the 90-day notice in the form of attached mail receipts. See ECF No. 1-1 at 31-42; CIT Bank N.A. v. Schiffman, 948 F.3d 529, 533 (2d Cir. 2020), certified questions accepted, 34 N.Y.3d 1137, 142 N.E.3d 102 (N.Y. 2020), certified question answered, 36 N.Y.3d 550, 168 N.E.3d 1138 (N.Y. 2021) (quoting Citibank, N.A. v. Conti-Scheurer, 172 A.D.3d 17, 21, 98 N.Y.S.3d 273, 277 (2d

id. ¶ 15.  Plaintiff requests that, pursuant to N.Y. R.P.A.P.L. Article 15, MERS's interest in the Property "be declared invalid and extinguished," that MERS "be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to [the Property]" and that Plaintiff "be granted reformation of the record to reflect said prior mortgages and prior judgments be extinguished."  Id. ¶ 29.

Plaintiff attached the following to the complaint: (1) a legal description of the property, see ECF No. 1-1 at 2 (pdf pagination); (2) a copy of the Mortgage, id. at 4-15; (3) a copy of the Note with endorsement and Affidavit of Note Possession, id. at 17-21; (4) copies of the assignments of Mortgage, id. at 23-31; (5) copies of the default notice and § 1304 notice with proof of mailing and registration, id. at 31-43; and (6) a copy of the N.Y. R.P.A.P.L. § 1320 foreclosure notice, see ECF No. 1-2.

## II.    Procedural History

Plaintiff commenced this action and returned executed summonses.  See ECF Nos. 1, 12-13.  The summons and complaint for MERS were served on the New York Secretary of State.  See ECF No. 12.  On August 3, 2022, the summons and complaint for Mr. Campoverde were served at the Property, where they were given to "MS. CAMPOVERDE, FIRST NAME REFUSED, FEMALE RELATIVE," whom the process server stated was "a person of suitable

---

Dep't 2019)); Freedom Mortg. Corp. v. Bullock, No. 19 Civ. 664 (NGG) (SJB), 2022 WL 4445399, at *4 (E.D.N.Y. Sept. 23, 2022) ("[D]istricts courts have . . . considered [§§] 1304 and 1306 sua sponte in determining whether to enter default judgment.") (collecting cases) (holding that compliance with N.Y. R.P.A.P.L. § 1304 can be "established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure").  As to N.Y. R.P.A.P.L. § 1306, Plaintiff has shown compliance by attaching proof of the filing with the Superintendent of Financial Services.  See ECF No. 1-1 at 43; Bullock, 2022 WL 4445399, at *3 n.2 (holding that compliance with § 1306 is shown when the superintendent of financial services "filings have been attached").

age and discretion." ECF No. 13 at 1. The process server stated that the Property was Mr. Campoverde's place of residence, without explanation. See id. The process server asked Ms. Campoverde if Mr. Campoverde "was active in military service and received a negative reply." Id. Plaintiff mailed the summons and complaint to Mr. Campoverde by first-class mail to the same address. See id. Defendants did not answer or otherwise respond to the complaint.

Plaintiff requested a certificate of default. See ECF No. 14. Thereafter, the Court scheduled a conference and invited Defendants to attend, warning that failure to participate may result in an award against Defendants and ordering Plaintiff to file proof of service of the August 29 Order, complaint and docket sheet on Defendants. See ECF No. 15. Plaintiff filed an affidavit of service stating that it served the August 29 Order (but not the complaint or docket sheet) on Mr. Campoverde by mailing it to the Property and that it served the same on MERS by mail. See ECF No. 16.

Defendants did not attend the conference. See ECF 9/21/2022 Minute Entry. The Clerk of Court entered the certificate of default. See ECF No. 18. Plaintiff filed the instant motion, see ECF No. 19, to which Plaintiff attached the following: (1) a declaration in support of the motion, ECF No. 19-1; (2) a memorandum in support of the motion, ECF No. 19-2; (3) a proposed judgment and sale order, ECF No. 19-3; (4) the summons and complaint, along with all attachments to the complaint, ECF No. 19-4; (5) the certificate of default, ECF No. 19-5; (6) an affidavit from the assistant secretary for Plaintiff's servicer, attesting to the amount due on the Mortgage and Note, ECF No. ECF No. 19-6; and (7) an affidavit of service of the motion papers on Defendants by mail in compliance with Local Rule 55.2(c), ECF No. 19-7. The affidavit of service states that the process server mailed the motion papers to Mr. Campoverde at the Property and MERS at their office at 1901 E. Voorhees St., Suite C, Danville, Illinois 61834.

4

See ECF No. 19-7.  Plaintiff states in his motion papers that "no defendant in default is in the military service," without elaboration.  ECF No. 19-1 ¶ 9.

### III. Discussion

#### a. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure, which governs motions for default judgment, provides for a two-step process.  See Fed. R. Civ. P. 55; Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011).  First, the moving party must obtain a certificate of default from the Clerk of the Court.  See Fed. R. Civ. P. 55(a).  Second, after a certificate of default is issued, the plaintiff may move for a default judgment.  See id.  The trial court has the "sound discretion" to grant or deny a motion for default judgment.  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  Id. at 95-96 (recognizing "the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard").  The court must therefore ensure that (1) the plaintiff satisfied all required procedural steps in moving for default judgment, see Fed. R. Civ. P. 55(a), E.D.N.Y. Local Civ. R. 55.2; and (2) the plaintiff's allegations, when accepted as true, establish liability as a matter of law, see Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

In considering a motion for default judgment, courts generally accept all well-pleaded factual allegations of liability.  See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[A] defendant who defaults thereby admits

5

all 'well-pleaded' factual allegations contained in the complaint."). "[I]t is also true that a district court need not agree that the alleged facts constitute a valid cause of action." Mickalis Pawn Shop, 645 F.3d at 137. The court is obliged only to accept well-pleaded allegations of liability but is not required to credit "mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Finkel, 577 F.3d at 84; Mickalis Pawn Shop, 645 F.3d at 137 n.23 ("[A] district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief.").

  **b. Valid Service Of Process Is Needed To Obtain Personal Jurisdiction Over Mr. Campoverde**

"Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant." See Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998). The Second Circuit Court of Appeals has stated: ". . . [W]hen a defendant declines to appear, a plaintiff generally proceeds by means of a motion for default judgment . . . and we agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010); see Mickalis Pawn Shop, 645 F.3d at 133. To that end, "[a] court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc., No. 13 Civ. 4590 (JS) (GRB), 2014 WL 6606402, at *2 (E.D.N.Y. Aug. 4, 2014), report & recommendation adopted, 2014 WL 4536911 (E.D.N.Y. Sept. 11, 2014) (internal quotation marks omitted). In some circumstances, courts have declined to exercise their discretion to review whether personal jurisdiction exists.

6

See Kaplan v. Hezbollah, No. 19 Civ. 3187 (BMC), 2022 WL 2207263, at *2-3 (E.D.N.Y. June 21, 2022). In supporting the exercise of restraint in reviewing personal jurisdiction in the default context, the Kaplan Court wrote:

> Personal jurisdiction should be examined on a motion for a default judgment when a plaintiff's submissions clearly show an absence of personal jurisdiction or even when they show that sustaining personal jurisdiction is highly unlikely. That is just judicial efficiency. It makes no sense for a court to enter a default judgment when there is a certainty or high likelihood that the judgment will never be enforced because of a lack of personal jurisdiction.

Id. at *2. This case falls into this subcategory. For the reasons explained below, the record does not establish that service was properly made upon Mr. Campoverde.

### i. The Court May Review The Proof Of Service

The Clerk of Court's Office's entry of a certificate of default is an administrative act based on the plaintiff's submission of the required paperwork; it is not a legal determination that the substance of the information contained in that paperwork satisfies the legal requirements for service under the applicable laws. Thus, the Court may review the affidavits of service or returns of summons for compliance with the law, and it may resolve doubts as to compliance against the plaintiff. See Yoon v. Toothsavers Dental Lab'y, Inc., No. 19 Civ. 2283 (ERK) (VMS), 2020 WL 13580466, at *3 (E.D.N.Y. June 22, 2020) (holding that "[e]ven where the Clerk of the Court has entered the defendant's default, [the] court may appropriately review the adequacy of service before entering a default judgment") (internal quotation marks omitted), adopted by ECF Order (July 27, 2020) (citing Palmieri v. Town of Babylon, 277 Fed. App'x 72, 74 (2d Cir. 2008) ("[I]t was not an abuse of discretion for the district court to resolve against plaintiff the doubts as to whether service on the individual defendants complied with [New York law], and whether service on [defendant] took place at all.")). "This is because service of process is the primary moment that ensures that a defendant knows about the lawsuit and can thus knowingly choose

7

whether to come to court in a timely manner or take a chance on avoiding liability, challenging damages, or reversing a judgment at a later date by different procedural mechanisms." Dominguez v. Hernandez, No. 21 Civ. 7051 (MKB) (VMS), 2023 WL 2575224, at *6 (E.D.N.Y. Feb. 22, 2023), report & recommendation adopted, 2023 WL 2574876 (E.D.N.Y. Mar. 20, 2023). "This opportunity to choose is at the heart of the due process rights implicated by service of process, and it must be respected even, or possibly especially, in the default motion context." Id.; see Happy Homes, LLC v. Jenerette-Snead, No. 15 Civ. 1788 (MKB) (RML), 2016 WL 6599826, at *3 n.10 (E.D.N.Y. Nov. 7, 2016) ("Ineffective service-of-process is a ground to deny a motion for default judgment.").

In assessing whether service has been properly made and personal jurisdiction established, the court first focuses its review on the affidavit of service. "Ordinarily, a plaintiff bears the burden of demonstrating that service of process was validly effected." Westchase Residential Assets II, LLC v. Gupta, No. 14 Civ. 1435 (ADS) (GRB), 2016 WL 3688437, at *4 (E.D.N.Y. July 7, 2016) (quoting Khaldei v. Kaspiev, No. 10 Civ. 8328 (JFK), 2014 WL 2575774, at *5 (S.D.N.Y. June 9, 2014)). "A process server's sworn statement of service creates a presumption that service has been effectuated." De Curtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013) (citing Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002)). "[T]he [c]ourt need not assume service was proper, even on a motion for default judgment, if the affidavits are inconsistent or unreliable." Feng Lin v. Quality Woods, Inc., No. 17 Civ. 3043 (DLI) (SJB), 2019 WL 1450746, at *3 (E.D.N.Y. Jan. 28, 2019) (citing Lopez v. Yossi's Heimishe Bakery Inc., No. 13 Civ. 5050 (FB) (CLP), 2015 WL 1469619, at *6 (E.D.N.Y. Mar. 30, 2015)). Assertions in an affidavit of server must be accompanied by "evidence as to how [the process server] obtained that knowledge." J & J Sports Prods., Inc. v.

8

Vergara, No. 19 Civ. 2382 (FB) (VMS), 2020 WL 1034393, at *4 (E.D.N.Y. Feb. 6, 2020) (recommending denying default motion against individual where affidavit of service of motion failed to state how process server knew recipient to be the defendant), report & recommendation adopted, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020); see Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC, No. 21 Civ. 6909 (AMD) (RER), 2022 WL 18151927, at *5 (E.D.N.Y. Dec. 14, 2022) (holding that process server's conclusory statement that recipient was a "member" of defendant LLC authorized to accept service was insufficient where plaintiffs "fail[ed] to allege in the [c]omplaint or otherwise provide facts in the record" to show recipient was authorized to accept service under New York law), report & recommendation adopted, 2023 WL 130835 (E.D.N.Y. Jan. 9, 2023); Shengjian Zhuang v. Hui's Garden Rest. Inc., No. 17 Civ. 7547 (ENV) (SJB), 2019 WL 1578193, at *2 (E.D.N.Y. Feb. 19, 2019) (failure to explain how process server knew that recipient was authorized to accept service is a "facial infirmity" that "suggests service was not made to a person authorized to accept service").

### ii. Service To Individual Defendants Under Federal Rule Of Civil Procedure 4 And New York Law

#### 1. Service Under Federal Rule Of Civil Procedure 4(e)(1)

Federal Rule of Civil Procedure 4(e)(1) permits plaintiffs to serve defendants according to the law of the state where the district court is located or where the service is made. See Fed. R. Civ. P. 4(e)(1).

#### 2. Service On An Individual Under Federal Rule Of Civil Procedure 4(e)(2)

Under Federal Rule of Civil Procedure 4(e)(2), an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally" or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2). The process server must

provide information in the affidavit of service that establishes the ground for believing that the non-defendant who received the service satisfies the requirement of the Rule, including that the person resides at that address. See Dominguez, 2023 WL 2575224, at *12 (finding service of process under Rule 4(e)(2) was deficient where process server claimed to have summons and complaint with a "Co-Resident" but "did not provide information as to how the process server obtained that information"); Smith v. Smith, 19 Civ. 1638 (AMD) (RML), 2021 WL 4268015, at *2 (E.D.N.Y. Jul. 22, 2021) (finding service deficient under federal law where not all requirements of Fed. R. Civ. P. 4(e)(2) were met).

### 3.  Service On An Individual Under New York Law

Under New York law, "[s]ervice of process must be made in strict compliance with statutory methods for effecting personal service upon a natural person pursuant to CPLR 308." Est. of Waterman v. Jones, 46 A.D.3d 63, 65, 843 N.Y.S.2d 462, 464 (2d Dep't 2007) (internal quotation marks omitted). Section 308 provides that service may be accomplished by (1) personal delivery of the summons "within the state to the person to be served," N.Y. C.P.L.R. § 308(1); (2) delivery of the summons to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and "mailing the summons by first class to the person to be served at his or her actual place of business," N.Y. C.P.L.R. § 308(2); (3) "delivering the summons within the state to the agent for service of the person to be served," N.Y. C.P.L.R. § 308(3); or (4) "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served" then mailing to either the person's last known address or actual place of business, only if "service under paragraphs one and two cannot be made with due diligence," N.Y. C.P.L.R. § 308(4).

Although affidavits of service may be used to show that an address is a dwelling place or usual place of abode for the purposes of § 308(2), "such affidavits may not be 'conclusory and devoid of sufficient detail.'" Hickman v. Beretta, 58 Misc. 3d 294, 298, 64 N.Y.S.3d 873, 876 (N.Y. Sup. Ct. 2017) (quoting Gordon v. Nemeroff Realty Corp., 139 A.D.2d 492, 492, 526 N.Y.S.2d 595, 506 (2d Dep't 1988) (holding that affidavit of service that merely asserted an address to which plaintiff mailed the summons and complaint was the defendant's actual dwelling without elaboration gave "no reason to conclude that the premises [were] [defendant's] dwelling place or usual place of abode"); see G&G Closed Cir. Events, LLC v. Narine, No. 20 Civ. 4271 (MKB) (RML), 2021 WL 7906548, at *3 (E.D.N.Y. Dec. 13, 2021) (holding that plaintiff did not comply with § 308(2) because the service of process did not "offer[] independent proof that the address of service was [defendant's] dwelling at the time of service" or "indicate whether the process server had personal knowledge of that fact"), report & recommendation adopted, 2022 WL 950449 (E.D.N.Y. Mar. 30, 2022); Smith, 2021 WL 4268015, at *2 (holding that the "bare assertion" that the recipient of service was a co-tenant of defendant did not establish that the address defendant's dwelling or usual abode for the purposes of § 308(2)); Doe v. Alsaud, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014) (holding that a plaintiff must provide evidence "beyond . . . conclusory allegations" that a location is a "residence or dwelling" of defendant to show compliance with § 308(2)); City of New York v. VJHC Dev. Corp., 125 A.D.3d 425, 425-26, 2 N.Y.S.3d 453, 454 (1st Dep't 2015) (holding that plaintiff complied with § 308(2) where process server stated in his affidavit that he believed an address was the defendant's actual place of business based on a sign indicating the defendant's office); Charnin v. Cogan, 250 A.D.2d 513, 516-17, 673 N.Y.S.2d 134, 136-37 (1st Dep't 1998) (holding

11

that plaintiff satisfied § 308(2) where the process server stated he learned the place of service was defendant's usual place of residence from a doorman).

### iii. Service On Mr. Campoverde Is Incomplete On This Record

Under New York law and Fed. R. Civ. P. 4(e), service is inadequate with respect to Mr. Campoverde. Plaintiff failed to establish that it served Mr. Campoverde at his actual dwelling or usual place of abode. Plaintiff's affidavit of service states that the process server attempted to serve Mr. Campoverde at the Property, by delivering a copy of the summons and verified complaint to "MS. CAMPOVERDE, FIRST NAME REFUSED, FEMALE RELATIVE," whom the process server stated was "a person of suitable age and discretion," then mailed the summons and complaint to the Property by first class mail. ECF No. 13 at 1. Although the process server stated that the Property was Mr. Campoverde's "place of residence," he did not state the basis for this belief. Id. The presence of someone with Mr. Campoverde's family name at a location may be an indication of a connection to the person to be served, but it is not sufficient evidence of Mr. Campoverde's usual dwelling or place of abode.

Under federal law, Plaintiffs did not attempt to serve Mr. Campoverde personally, but instead attempted to deliver the summons and complaint to his "dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). As noted above, the process server's affidavit stated that the Property was Mr. Campoverde's place of residence, but it did not say whether the recipient, Ms. Campoverde, actually resided there. See Smith, 2021 WL 4268015, at *2.

Conclusory statements like those offered by Plaintiff's process server are insufficient to establish a dwelling or usual place of abode for the purposes of § 308(2). See VJHC Dev. Corp., 125 A.D.3d at 425-26; Hickman, 58 Misc. 3d at 298. Plaintiff's affidavit of service also did not

describe attempted personal or "nail and mail" service at the Property as alternative methods of satisfying CPLR § 308.

Plaintiff has not offered any other reason to believe the Property was an appropriate location for service. Because service as described in the record before the Court is incomplete under New York and federal law, Plaintiff has failed to establish that the Court has jurisdiction over Mr. Campoverde. The undersigned therefore respectfully recommended that motion for default judgment be denied on this ground.

### c. Local Civil Rule 55.2(c)

Local Civil Rule 55.2(c) requires that "all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court." Local Civ. R. 55.2(c). Courts require service of default-judgment motion papers because "mailing notice of such an application is conducive to both fairness and efficiency[.]" Committee Note, Loc. Civ. R. 55.2; see D'Arrigo Bros. Co. of New York v. Met Food Basics, Inc., No. 19 Civ. 5474 (KAM) (VMS), 2021 WL 781745, *5 (E.D.N.Y. Mar. 1, 2021) (deny motion for default judgment for failure to complete the mailings required by Local Civil Rule 55.2(c)). Strict compliance with Local Civil Rule 55.2(c) is required; failure to satisfy the Rule is grounds for denial of a motion for default judgment. See Castillo v. Chapines LLC, No. 22 Civ. 203 (LDH) (RLM), 2022 WL 17253521, at *2 (E.D.N.Y. Nov. 28, 2022) (denying judgment for "failure to strictly comply with Local Civil Rule 55.2").

"The Eastern District has determined that the best way to ensure such notice [of a default-judgment motion] is provided is to require that a motion be served on the individual's residence."

13

Dominguez, 2023 WL 2575224, at *16; see Miss Jones, LLC v. Viera, No. 18 Civ. 1398 (NGG) (SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019) ("The motion for default judgment was not served properly on [defendants]. As a result, the motion must be denied with respect to these defendants."), report & recommendation adopted, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019). Courts typically look to the motion papers to help determine whether a plaintiff properly mailed its default judgment papers. See, e.g., Dominguez, 2023 WL 2575224, at *16 ("A plaintiff must provide some evidence that the addresses used for service of the motion for default are the last known business address and residence address for the corporate defendants and individual defendants, respectively."); Allstate Ins. Co. v. Abramov, No. 16 Civ. 1465 (AMD) (SJB), 2019 WL 1177854, at *3 (E.D.N.Y. Feb. 21, 2019) (determining whether address for mailing was proper by relying on allegations in amended complaint), report & recommendation adopted, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019).

     Here, Plaintiff filed an affidavit of service in which the process server states that she mailed the papers to the office of MERS in Danville, Illinois. See ECF No. 19-7. As to Mr. Campoverde, the process server mailed the default motion papers to the Property, his last known address. See id. These addresses are reflected in the record. See ECF No. 1 ¶¶ 3-4, 19-7. The Court has doubts as to the sufficiency of the mailing to Mr. Campoverde for practical reasons, given the lack of evidence that this address was Mr. Campoverde's residence at the time the complaint was served. See supra Sec. III(b)(iii). Nonetheless, in light of Plaintiff having completed the required mailings at addresses for which there is factual support in the pleadings, Plaintiff has complied with Local Civil Rule 55.2(c).

14

d. **Servicemembers Civil Relief Act**

The Servicemembers Civil Relief Act provides that:

> "In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit[.]"

50 U.S.C. Sec. 3931(b)(1)(A); see Uribe v. Nieves, 17 Civ. 5155 (RRM) (RER), 2018 WL 4861377, at *1-2 (E.D.N.Y. Sept. 26, 2018) (noting that the affidavit may not be based on conclusory statements and collecting cases in which statements based on conclusory statements or "information and belief" were deemed insufficient); Gustavia Home, LLC v. Derby, 16 Civ. 4260 (ENV), 2017 WL 9989600, at *2 (E.D.N.Y. May 16, 2017) (denying default judgment where plaintiff did not provide "any documentation to support its claim that defendant [] is not in the military, nor do its motion papers offer any hint that it undertook an investigation into his military status"). For example, in Bhagwat v. Queens Carpet Mall, Inc., No. 14 Civ. 5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015), the court held that the plaintiffs failed to comply with the Act despite having filed an affidavit of service in which the process server attested that the individual defendant was not in active military service. "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgement is to be entered." Pruco Life Ins. Co. of N.J. v. Estate of Locker, No. 12 Civ. 882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012) (internal citations omitted). A party moving for a default judgment must "append [a] cop[y]" of the nonmilitary affidavit to the moving papers. Windward Bora, LLC v. Ortiz, 21 Civ. 04154 (MKB) (JMW), 2022 WL 3648622, at *4 (E.D.N.Y. July 5, 2022), report & recommendation adopted, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022); Bhagwat, 2015 WL 13738456, at *1

15

(holding that "[t]he Servicemembers Civil Relief Act . . . requires a plaintiff seeking default judgment to file an affidavit" with the motion).  Statements in a process server's affidavit, in which the process server asked the non-defendant recipient if the defendant was in military service and received a negative reply, standing on their own, are insufficient to show compliance with the Act.  See Ore v. H & C Cleaning Corp., No. 22 Civ. 20 (AMD) (RER), 2022 WL 19520879, at *4 (E.D.N.Y. Dec. 14, 2022), report & recommendation adopted, 2023 WL 2522814 (E.D.N.Y. Mar. 15, 2023) (holding that plaintiffs failed to comply with the Act where they relied on the process server's statement that the server "asked the person spoken to whether defendant was in active military service . . . and received a negative reply" and there was no "indication that [p]laintiffs investigated [defendant's] military status beyond the process server's question"); see also Sudilovskiy v. City WAV Corp., No. 22 Civ. 469 (DG) (RLM), 2022 WL 4586307, at *3 (E.D.N.Y. Sept. 29, 2022) ("[T]he process server's statement that he was told by the unidentified person with whom he left the summons and complaint that [defendant] was not in the military service is . . . insufficient.").  Instead, "a proper non-military affidavit must be based on facts adduced from an investigation conducted after a defendant defaults." Sudilovskiy, 2022 WL 4586307, at *3.  "The court lacks the power to excuse compliance with [the Act]."  Id. (quoting Uribe, 2018 WL 4861377, at *1).

   The motion for default judgment does not contain an affidavit or similar document confirming a reasonable investigation into the question of whether Mr. Campoverde is on active military service.  See ECF No. 19.  Contrary to the requirements of the Act, Plaintiff did not append a nonmilitary affidavit to the motion for a default judgment.  See Windward Bora, 2022 WL 3648622, at *5.  Plaintiff states that "no defendant in default is in the military service," but fails to set forth the basis for this belief or allege any investigation as to Mr. Campoverde's status

16

as an active military servicemember was done.  See ECF No. 19-1 ¶ 9.  Plaintiff instead relies solely upon the statement of the process server who delivered the summons and complaint, who stated that he asked Ms. Campoverde whether Mr. Campoverde "was active in military service and received a negative reply."  ECF No. 13.  Such a statement, without any indication of further inquiry by Plaintiff, is insufficient to show compliance with the Act.  See Sudilovskiy, 2022 WL 4586307, at *3.  Rather, Plaintiff was required to base any nonmilitary affidavit on an investigation conducted after Mr. Campoverde defaulted.  Id.  Plaintiff does not offer evidence of such an investigation here, given that the process server's statement was written prior to the default.  The undersigned therefore respectfully recommends that the default judgment motion be denied as to Mr. Campoverde on this ground.

  e. **The Motion For Default Judgment With Respect To MERS Should Be Denied**

 Plaintiff alleges that MERS retains an interest in the Property by way of a prior mortgage, and it requests that MERS's interest in the Property "be declared invalid and extinguished."  Id. ¶ 29.  Although such a request may be "proper in a motion for default judgment," doing so now would be premature.  Miss Jones, LLC v. Viera, No. 18 Civ. 1398 (NGG) (SJB), 2019 WL 926670, at *5 n.2 (E.D.N.Y. Feb. 5, 2019), report & recommendation adopted, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019); Wells Fargo Bank, N.A. v. Watts, No. 16 Civ. 6919 (ENV) (RER), 2019 WL 3716190, at *1 (E.D.N.Y. Jan. 3, 2019) (holding that, because the motion for default judgment against the individual defendant was denied, granting a default judgment against defendant-lienholders "would be premature"), report & recommendation adopted, 2019 WL 3714582 (E.D.N.Y. Mar. 13, 2019).  In a situation in which the borrower-defendant was not properly served, "it would be inappropriate for the Court to extinguish the rights of the lienholders when the borrowers' liability has not yet been established."  Miss Jones, 2019 WL

17

955279, at *5 n.2 (declining to extinguish a lienholder's interest where plaintiff failed to properly serve the borrower-defendant). Here, as the motion for default judgment as to Mr. Campoverde should be denied, Mr. Campoverde's liability is not yet established. Because extinguishing MERS's interest would be premature at this time, the Court respectfully recommends that the motion for default judgment with respect to MERS be denied without prejudice.

### IV. Conclusion

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's motion for default judgment be denied without prejudice because 1) service is incomplete with respect to Mr. Campoverde on the record before the Court; 2) Plaintiff failed to comply with the Servicemembers Civil Relief Act as to Mr. Campoverde; and 3) extinguishing the interest of MERS at this time would be premature. Should the District Court adopt this report and recommendation, Plaintiff's counsel is directed to file a status letter within 30 days of adoption detailing Plaintiff's proposal as to future actions in this case as well as the results of its investigation as to the current addresses for Defendants.

### V. Objections

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (stating that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when

a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision") (internal citation & quotations omitted).  The Court will mail copies of this report and recommendation to the following record addresses of non-appearing Defendants: Mortgage Electronic Registration Systems, Inc. s/h/a MERS as nominee for Indymac Bank, FSB, 1901 East Voorhees St., Suite C, Danville, IL 61834-4512[4]; Mortgage Electronic Registration Systems, Inc. s/h/a MERS as nominee for Indymac Bank, FSB, 28 Liberty St., New York, NY 10005; Sharon McGann-Horstkamp as General Counsel for MERS, 1818 Library St., Suite 300, Reston, VA 20190; Matthew Martin as General Counsel for First Citizens Bancshares, Inc., 4300 Six Forks Road, Raleigh, NC 27609; and Jhon Campoverde, 33-27 99th St, First Floor, Corona, NY 11368.  The Court will also mail copies of this report and recommendation to MERS at the following addresses taken from the MERSINC.org website as the addresses for service of process: MERS, P.O. Box 2026, Flint, MI 48501-2026; and MERS, 11819 Miami St., Suite 100, Omaha, NE 68164.

Dated:   Brooklyn, New York
            August 23, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

---

[4] The Court has updated the MERS address to add the word "East" to the address.